UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
|  | : |
|  | : CASE NO. 3:20-mc-277 |
| v. | : (JUDGE MARIANI) |
|  | : |
| FRANCIS PLAZA | : |
|  | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

On May 13, 2020, Francis Plaza, proceeding *pro se*, filed a document titled "Motion to Stay Filing of Writ of Habeas Corpus Due to Current Proceedings in State Court" under the above caption. (Doc. 1.) Mr. Plaza appears to be incarcerated on a Commonwealth of Pennsylvania judgment and is currently detained at SCI-Houtzdale in Houtzdale, Pennsylvania. (*Id.* at 1 ¶ 1.) He states that his direct appeal was affirmed on February 19, 2015, and his appeal to the Pennsylvania Supreme Court was denied under number 50 MM 2017. (*Id.* ¶ 2.) Mr. Plaza notes that he "had suffered abandonment of counsel for the purpose of his appeal." (*Id.*) He states that he "has before the Trial court motion/petition seeking a hearing for the reinstatement of his appeal rights. Counsel[']s conduct jeopardize[s] Petitioner[']s opportunity to a meaningful appeal. Counsel also being ineffective on appeal." (*Id.* ¶ 3.) Because Mr. Plaza has not yet been provided a hearing by the Trial Court, he is requesting a stay to file a writ of habeas corpus, asserting that

"[a]bsent the court granting this relief will cause continued hardship and prejudice." (*Id.*) For the reasons discussed below, the Court lacks jurisdiction to decide the pending motion.

## II.  ANALYSIS

Mr. Plaza has filed only the motion under consideration.  He has not filed a federal petition for writ of habeas corpus in this Court and recognizes that he has not done so. (Doc. 1 at 2.)  He cites *Crews v. Horn*, 360 F.3d 146 (3d Cir. 2004), for the proposition that "an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action under the circumstances." (Doc. 1 at 1 ¶ 3.)  However, *Crews* was decided in a different context: where the district court had dismissed the 28 U.S.C. § 2254 petition without prejudice because the petition contained exhausted and unexhausted claims, the Circuit Court held that "district courts have the discretion to stay mixed habeas corpus petitions but . . . when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." 360 F.3d at 154.  Thus, *Crews* does not control the matter at issue.

The exercise of federal jurisdiction under Article III of the Constitution depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions.  *United States Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 445-46 (1993) (citations omitted).  Whether a filing satisfies the "case or controversy" requirement in the habeas context depends on whether it contains allegations sufficient to support a claim for relief to be construed as a habeas petition or

whether the facts presented are otherwise sufficient to present a case or controversy and invoke the court's jurisdiction. *See Anderson v. Pennsylvania Attorney General*, 82 F. App'x 745, 749 (3d Cir. 2003) (not precedential) (citing *Green v. United States*, 260 F.3d 78, 82 (3d Cir. 2001)).

In *Anderson*, a panel of the Third Circuit addressed the situation where a state prisoner had filed a *pro se* "Motion for an Extension of Time to File Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" in which he stated that his grounds for habeas relief "are based on the ineffective assistance of counsel, in violation of his rights under the Sixth Amendment and the Due Process Clause." 82 F. App'x at 747. The district court denied the motion, noting that the motion did not set forth any actual claims for habeas relief. *Id.* The district court also denied the counseled motion for reconsideration in which Mr. Anderson argued that he filed his motion for an extension of time within the limitations period and that it contained sufficient information to constitute a habeas petition. *Id.* He further stated that "the District Court should have given him an enlargement of time with instructions to file a more specific pleading, and at a minimum, it should have notified him before dismissing the motion." *Id.* He also made an equitable tolling argument "[i]n the event the District Court concluded that the filing did not satisfy § 2254." *Id.* The district court denied the motion for reconsideration and Mr. Anderson appealed.

Relevant to the matter before this Court, the Circuit Court granted the application for a certificate of appealability on the issue of "whether the District Court erred in dismissing

the motion for an extension of time without considering whether appellant is entitled to have the motion recharacterized as a § 2254 petition, even though the motion does not raise a sufficiently specific claim for habeas relief." *Id.* at 747-48. The Third Circuit panel concluded that the district court

> had jurisdiction to rule on Anderson's motion for an extension of time. Anderson alleged that he is in custody in violation of the law, that his grounds for relief are based on the ineffective assistance of counsel and that he needed more time to file a habeas petition. Even if these allegations fall short of stating a claim for habeas relief, they are sufficient to present a case or controversy and invoke the court's jurisdiction.
>
> . . . [T]he District Court did not err by failing to recharacterize Anderson's motion as a § 2254 motion and provide him notice under *Miller* and *Mason* where Anderson did not sufficiently state a claim for relief. If the District Court had recharacterized the motion, it was subject to summary dismissal. *See United States v. Thomas,* 221 F.3d 430, 438 (3d Cir.2000) (stating that vague and conclusory grounds for habeas relief are subject to summary dismissal); Rule 2 of the Rules Governing Section 2254 Cases (providing that habeas petitions shall set forth all grounds for relief and facts supporting those grounds).

82 F. App'x at 749.

Where an individual in state custody has filed a motion for a stay or extension of time to file a habeas petition lacking the detail set out in the motion considered in *Anderson*, district courts have concluded that the court lacks jurisdiction to entertain the motion.

> Unlike the motion for an extension of time in *Anderson,* [the] filing does not give the Court subject matter jurisdiction because he does not assert that 'he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a). Because Petitioner has not actually filed a § 2254 petition, and the document he did file does not make the necessary assertions, 'there is no case or controversy to be heard, and any opinions [this Court] were to render on the [stay] issue would be merely advisory.' [*United States v. Leon*, 203 F.3d 162, (2d Cir. 2000)].

4

*Rashid v. New Jersey*, Civ. A. No.11-7033, 2011 WL 6130420, at *4 (D.N.J. Dec. 7, 2011) (listing cases).

Here, the pending motion does not provide sufficient detail to state a case or controversy which would provide the Court jurisdiction over the motion.  Mr. Plaza merely asserts that he filed appeals to the Pennsylvania Superior Court and Supreme Court which were denied, he was abandoned by counsel for the purpose of his appeal, he currently has a motion/petition pending before the Trial Court to reinstate his appeal rights, and that counsel's conduct "jeopardize[s] Petitioner[']s opportunity to a meaningful appeal."  (Doc. 1 at 1.)  Unlike *Anderson*, he does not state his grounds for relief or that he is in custody in violation of the law.  See 82 F. App'x at 749.  Although he mentions problems with counsel on direct appeal and implies ongoing problems with counsel, he does not allege that ineffective assistance of counsel would be the basis for a § 2254 petition. Therefore, like *Rashid* and the district courts which have found a lack of jurisdiction with similar filings, 2011 WL 6130420, at *4, this Court will dismiss this matter for lack of subject matter jurisdiction.

### III. CONCLUSION

For the reasons discussed above, the Court will dismiss this matter for lack of subject matter jurisdiction.  The dismissal is without prejudice to Mr. Plaza's ability to properly file a habeas petition in this Court.  Because Mr. Plaza has not made a substantial showing of the denial of a constitutional right, he is not entitled to a Certificate of

Appealability pursuant to 28 U.S.C. § 2253(c).  Further, because Mr. Plaza requested that he be provided with the appropriate documents if the Court determines that he needs to make some other filing (Doc. 1 at 2), the Court will direct the Clerk of Court to send him the proper form for filing a habeas petition pursuant to 28 U.S.C. § 2254 and related documents.[1]

      A separate Order is filed simultaneously with this Memorandum Opinion.

                                         _s/ *Robert D. Mariani*_____
                                         Robert D. Mariani
                                         United States District Judge

---

[1] In so ordering, the Court neither directs Mr. Plaza to file a petition nor makes any findings on the appropriateness of such a filing.

6